# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| BROADCAST MUSIC, INC.; UNIVERSAL – DUCHESS MUSIC CORPORATION; WARNER-TAMERLANE PUBLISHING CORP.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; ELEKSYLUM MUSIC, INC.; NO SURRENDER MUSIC, a division of PRAXIS INTERNATIONAL COMMUNICATIONS, INC.; PAUL SIMON, an individual d/b/a PAUL SIMON MUSIC; SONY/ATV SONGS LLC; JAY FERGUSON d/b/a PAINLESS MUSIC; DEVO, INC. d/b/a DEVO MUSIC; EMI VIRGIN SONGS, NC.; SHERYL SUZANNE CROW d/b/a OLD CROW MUSIC; JEFF TROTT d/b/a TROTTSKY MUSIC; SONGS OF UNIVERSAL, INC.; BRADLEY KIRK, ROBERT TODD HARRELL, MATTHEW DARRICK ROBERTS and CHRISTOPHER LEE HENDERSON, a partnership d/b/a ESCATAWPA SONGS; EMI BLACKWOOD MUSIC, INC.; JOHN ONDRASIK, an individual d/b/a FIVE FOR FIGHTING MUSIC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 05-CV-545 |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| PLATFORMS, LLC d/b/a DRINK; THOMAS BALDWIN and ANNA GRIFFITH, each individually, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

## JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.      Plaintiff, Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 320 West 57th Street, New York, New York 10019.  BMI has been granted the right to license the public performance rights in approximately 4.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are alleged herein to have been infringed.

4.      The other Plaintiffs are the owners of the copyrights in the musical compositions which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Upon information and belief, Defendant Platforms, LLC is a limited liability company organized and existing under the laws of the state of Iowa, which operates, maintains and controls an establishment known as Drink, located at 8410 Hickman Road, Clive, Iowa 50325, in this district.  In connection with the operation of this business, Defendant Platforms, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

6.      Upon information and belief, Defendant Thomas Baldwin is a member of Defendant Platforms, LLC with primary responsibility for the operation and management of that limited liability company and the establishment.

2

7.      Upon information and belief, Defendant Thomas Baldwin has the right and ability to supervise the activities of Defendant Platforms, LLC and a direct financial interest in that limited liability company and the establishment.

8.      Upon information and belief, Defendant Anna Griffith is a member of Defendant Platforms, LLC with primary responsibility for the operation and management of that limited liability company and the establishment.

9.      Upon information and belief, Defendant Anna Griffith has the right and ability to supervise the activities of Defendant Platforms, LLC and a direct financial interest in that limited liability company and the establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

10.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 9.

11.     Plaintiffs allege thirteen claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

12.     Annexed as the Schedule (Exhibit A) and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the thirteen claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information: Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 noting the publisher(s) of the musical

3

composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the Registration number(s); Line 7 showing the date(s) of infringement; and Line 8 identifying Drink where the infringement occurred (all references to "Lines" are to lines on the Schedule).

13.     Each of the musical compositions identified on the Schedule, Line 2, was created by the persons named on Line 3.

14.     On or about the dates indicated on Line 5, the publishers named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the numbers listed on Line 6.

15.     On the dates listed on Line 7, Plaintiff BMI was and still is the licensor of the public performance rights in the musical compositions identified on Line 2.  On the dates listed on Line 7, the Plaintiffs listed on Line 4 were and still are the owners of the copyright in the respective musical composition listed on Line 2.

16.     On the dates listed on Line 7, Defendants performed and/or caused the musical compositions identified on Line 2 to be publicly performed on the premises of Drink without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

17.     Defendants performed and/or caused such musical compositions to be publicly performed notwithstanding repeated warnings from Plaintiff BMI that the performance on the premises of Drink, without permission from the copyright owners, did and would constitute infringement of copyright in violation of Title 17 of the United States Code.

18.     The specific acts of infringement alleged were committed willfully by Defendants.

4

19.    The specific acts of copyright infringement alleged, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI repertoire at Drink, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs pray that:

(I)    Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)    Defendants be ordered to pay statutory damages per claim of infringement, pursuant to 17 U.S.C. Section 504(c), including an increased award of statutory damages for willful infringement;

(III)    Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)    That Plaintiffs have such other and further relief as is just and equitable.

Dated: September 30,2005

Respectfully submitted,


/s/ Jeffrey D. Harty
Jeffrey D. Harty
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  (515) 288-3667
Fax:      (515) 288-1338
email:  harty@ipmvs.com

ATTORNEYS FOR PLAINTIFFS